UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICK GORHAM, ET AL. | * | ACTION NO. 22-mc-08 |
| | * | |
| VERSUS | * | SECTION: "J"(1) |
| | * | |
| MICHELLE KAUFMAN, ET AL. | * | JUDGE CARL J. BARBIER |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ********************************** | * | |

REPORT AND RECOMMENDATION

Before the Court are plaintiffs' Motion for Calculation of Attorneys' Fees (Rec. Doc. 47) and plaintiffs' Motion for Calculation of Fine (Rec. Doc. 50). For the following reasons, the court recommends the Motions be GRANTED and that Ms. Kaufman be ordered to pay an attorneys' fee of $8,715 and a fine of $10,000.

Background

Plaintiffs obtained a judgment of about $400,000, against defendants, including Ms. Kaufman, in the Southern District of Florida. They registered the judgment in this district on January 3, 2022. During the enforcement proceedings in this district, Ms. Kaufman failed to comply with her discovery obligations and this court's orders. As a result, the undersigned issued a Report and Recommendation and Certification of Facts on October 19, 2022, recommending that Ms. Kaufman be held in contempt and that she be sanctioned.[1] Ms. Kaufman did not file a memorandum in opposition to the Report and Recommendation. The District Judge held a show cause hearing on November 16, 2022, adopted the Report and Recommendation, and ordered that:

1. Ms. Kaufman shall be required to pay plaintiffs' reasonable attorneys' fees for the filing of the second motion to compel and the motion for contempt. As of July 6, 2022, those fees totaled $4,389. However, plaintiffs will also be compensated for participation in the August 10, 2022, oral argument, and filing of the supplemental memorandum as well as for the November 16,

[1] For additional factual background, see the Report and Recommendation (Rec. Doc. 44).

2022, Rule to Show Cause hearing. Plaintiffs shall file an affidavit attesting to the additional fees incurred via a motion for calculation of attorneys' fees and the court shall determine the reasonable attorneys' fees due.

2. Ms. Kaufman shall be fined $500 per day, beginning on today's date, until such time as she has completed the following:
    a. Executes a request for a "wire log" from her financial institution, submit the request to her financial institution, and produce the wire log to plaintiffs' counsel.
    b. Produces PDF copies of all bank statements from April 2022 through present.
    c. Makes a diligent search for the executed lease agreement for the Oak Street property and produce it or certify in writing that no executed lease agreement exists with a description of her efforts to obtain it.
    d. Produces the following documents and information regarding the sale of real property in Florida: the full closing package; details regarding all payments made/received (identities and amounts); and contact information for whoever assisted Ms. Kaufman in brokering the deal.
    e. Produces her 2021 tax return or, if it has not yet been filed, a PDF copy of all backup documents that would be used to prepare her 2021 tax return.
    f. Produces in a legible PDF format all documents previously produced in an illegible format.

    When she has completed the foregoing, she shall certify that she has done so and the date of completion and file such certification with the court so that both sides and the court can calculate the fine due. The fine shall be paid to the plaintiffs.
3. If Ms. Kaufman fails to produce the documents as required in number 2 within 14 days of the district court's order, she shall be taken into custody by the U.S. Marshal and held for a period of up to 72 hours or until such time as the documents listed in number 2 are produced.

(Rec. Doc. 46).

On November 28, 2022, Plaintiffs filed a motion for calculation of attorneys' fees in compliance with Part 1 of the Court's order. In their briefing and through a certification of their attorney, they submit that their counsel spent 3.5 hours preparing their supplemental memorandum in support of the motions to compel and for contempt, 7.81 hours preparing for and arguing the August 10, 2022, oral argument on the motion for contempt, 2.27 hours on their second supplemental memorandum in support of motion for contempt, and 4.84 hours preparing for and

arguing the November 16, 2022, show cause hearing. Their attorney's billing rate is $300 per hour, and they argue that this is reasonable based on the customary billing rate of the area, reputation and experience of counsel, and the circumstances of the case. Plaintiffs' counsel is a partner at a small firm in New Orleans. Plaintiffs argue that her sophisticated research and writing skills allowed them to achieve a favorable result on two motions to compel and a motion for contempt. They seek a total attorneys' fee award of $9,915 (including the $4,389 already awarded by the District Judge).

Ms. Kaufman opposes the motion. She does not argue that the hours spent or the hourly rate are unreasonable. Instead, she urges the court to reduce the attorney amount and/or rate because she is unemployed and will potentially lose all of her assets as a consequence of the judgment the plaintiffs are trying to collect. She also submits that she has disclosed information to the best of her ability, that this experience has been extremely stressful and troubling, and that her failure to timely respond was not intentional.

In reply, plaintiffs point out that Ms. Kaufman did not object to the Report and Recommendation, including the recommendation that an attorney's fee and fine be awarded. Plaintiffs contest Ms. Kaufman's claim that her discovery violations were unintentional, noting that the court gave Ms. Kaufman multiple opportunities to produce the financial documents at issue. They further argue that Ms. Kaufman's good faith is irrelevant now because good faith is not a defense to contempt. They submit that Ms. Kaufman has offered no evidence or law to show that her failure to comply with the Court's orders was substantially justified or that the requested attorneys' fees or fine are unreasonable.

In addition to their Motion for Attorneys' Fees, plaintiffs have filed a Motion for Calculation of Fine. They argue that although Ms. Kaufman certified that she completed

submission of the documents in Section 2 by November 30, 2022, her production was not actually completed until December 5, 2022. They say she produced additional documents on December 2 and December 5. Plaintiffs therefore ask for a fine in the amount of $500 per day for 20 days, or $10,000.

Ms. Kaufman has not responded to the motion.

Law and Analysis

1. *Attorneys' Fees*

The Court engages in a two-step process to determine reasonable attorney's fees. Matter of Fender, 12 F.3d 480, 487 (5th Cir. 1994). First, the Court computes the lodestar "by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work." Id.; see Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). The party requesting fees bears the burden of proving that the rates charged and hours expended are reasonable. See Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 770 (5th Cir. 1996); Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995).

"The court then adjusts the lodestar upward or downward depending upon the respective weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974)." Fender, 12 F.3d at 487. The Johnson factors are:

> 1) time and labor required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case,

> (11) nature and length of the professional relationship with the client, and (12) award in similar cases.

Id.

Here, Ms. Kaufman does not deny that the hourly rate of $300 is reasonable. Indeed, "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" McClain v. Lufkin Indus., Inc., 649 F.3d 374, 381 (5th Cir. 2011) (quoting Blum v. Stenson, 465 U.S. 886, 895–96 (1984)). Courts in this district have found rates of $200 to $400 per hour reasonable in this market, depending on the skill and experience of the attorney. See Batiste v. Lewis, No. CV 17-4435, 2019 WL 5401103, at *5 (E.D. La. Sept. 6, 2019), report and recommendation adopted, No. CV 17-4435, 2019 WL 5395316 (E.D. La. Oct. 21, 2019) (approving a rate of $375 per hour for a nationally recognized copyright litigator with more than forty years of experience, a rate of $355 per hour for an attorney with thirty-five years of experience, and a rate of $245 for an attorney with six years of experience where the rates were not contested); Unum Ins. Co. of Am. v. Belmon-Williams, No. CV 18-6621, 2019 WL 4396817, at *2 (E.D. La. July 9, 2019), report and recommendation adopted, No. CV 18-6621, 2019 WL 4393120 (E.D. La. Sept. 13, 2019) (finding $220 per hour to be a reasonable rate for an attorney with twenty years of experience); Cuevas v. Crosby Dredging, LLC, No. CV 18-9405, 2019 WL 2410936, at *3 (E.D. La. June 7, 2019) (finding a rate of $195 per hour reasonable for an attorney with seven years of experience); Hubert v. Curren, No. CV 18-7669, 2018 WL 4963595, at *4 (E.D. La. Oct. 15, 2018) (assigning an hourly rate of $300 as reasonable for an attorney with 17 years of experience where $400 per hour had been requested). Attorney Kristen Amond's rate is within this range, and the court agrees it is reasonable.

Plaintiffs say that Ms. Amond spent 3.5 hours preparing their supplemental memorandum in support of the motions to compel and for contempt, 7.81 hours for the August 10, 2022, oral

argument on the motion for contempt, 2.27 hours on their second supplemental memorandum in support of motion for contempt, and 4.84 hours on the November 16, 2022, show cause hearing. Ms. Kaufman does not challenge this amount of time as unreasonable. The court notes that the August 10, 2022, oral argument lasted 34 minutes and the rule to show cause hearing on November 16, 2022, lasted one hour and twenty minutes. Although counsel had to prepare for these hearings, the court finds that 7.81 hours and 4.84 hours, respectively, is excessive, and will reduce the total claimed hours by 4.

Thus, the lodestar amount for the additional time spent by plaintiffs' counsel is equal to 14.42 hours at $300 per hour, or $4,326.

No party has explicitly invoked the Johnson factors as a basis for increasing or decreasing the award. Of note, none of the Johnson factors relate to issues like those advanced by Ms. Kaufman in reply—her lack of assets, her stress levels, and her unintentional failure to comply with this court's orders. Importantly, Ms. Kaufman provided a similar explanation for her failure to comply with her discovery obligations and the court's orders in opposing the motion for sanctions and the court considered these arguments in the Report and Recommendation. Ms. Kaufman had an opportunity to raise these issues in the Show Cause hearing before the District Judge. The District Judge nonetheless adopted the Report and Recommendation.

The court finds the reasons Ms. Kaufman now invokes for a reduction in the fine do not justify doing so under Johnson and that she cannot now relitigate the issues the Court has already addressed in issuing sanctions. Accordingly, the undersigned recommends that plaintiffs be awarded reasonable attorneys' fees of $8,715, which is equal to the lodestar amount of $4,326 plus the $4,389 the District Court has already awarded.

2. *Fine*

The District Court ordered that Ms. Kaufman be fined $500 per day until she completed the tasks outlined in Paragraph 2. Ms. Kaufman filed a certification stating that she had done so on November 30, 2022. However, she continued to produce documents in response to follow up by plaintiffs' counsel through December 5, 2022. Ms. Kaufman has not opposed plaintiffs' argument that her compliance with the Court's order was not complete until December 5, 2022. The court therefore finds that Ms. Kaufman must pay the fine of $500 per day from November 16, 2022, through December 5, 2022—a total of 20 days. This results in a fine of $10,000.

Conclusion

For the foregoing reasons, the undersigned recommends that plaintiffs' Motion for Calculation of Attorneys' Fees (Rec. Doc. 47) and plaintiffs' Motion for Calculation of Fine (Rec. Doc. 50) be GRANTED and that Ms. Kaufman be ordered to pay an attorneys' fee of $8,715 and a fine of $10,000.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 26th day of December, 2022.

Janis van Meerveld
United States Magistrate Judge